UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

SANDRA LEE MEYER, a/k/a SANDRA JACKSON,

Debtor.
_____

SANDRA LEE MEYER,

Appellant,

v.

VIRGINIA BURDETTE, Chap. 7 Trustee,

Respondent.

NO. C06-505P

ORDER ON APPEAL FROM ORDER OF BANKRUPTCY COURT

The above-entitled Court, having received and reviewed:

1. Brief of Appellant Sandra Lee Meyer

2. Brief of Respondent Trustee Virginia Burdette

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS HEREBY ORDERED that this matter is REMANDED to the Bankruptcy Court for Findings of Fact and Conclusions of Law in keeping with the questions outlined in the body of this opinion.

**Background**

Sandra Lee Meyer ("Debtor") acquired an undivided half-interest (along with her daughter) in a piece of real property in Marblemount, Washington ("the Property") in May 2000. The daughter

ORD ON APPEAL
FROM B/R COURT - 1

lived in a cabin on the Property – Debtor never occupied it.  In February 2005 (at the suggestion of her attorney/employer), Debtor recorded a Homestead Declaration on the Property.  According to Debtor, she paid off her half-interest in the Property but her daughter was defaulting on her obligation and the Property was in danger of foreclosure.

The two women approached a realtor (Ms. Philbrick) in the spring of 2005 and signed a listing agreement.  Ms. Burdette ("Trustee") claims that Philbrick listed the Property up until the time of the bankruptcy filing (July 2005); Debtor claims that the listing was not activated till August of 2005, post-bankruptcy filing, but no evidence of this was submitted.  At the time of filing for her bankruptcy, Debtor claimed an exemption of $9,025 in the Property.  Debtor claims that, "immediately thereafter," she realized this was an error and sought to have her then-attorney claim a homestead exemption of $40,000, which she was unsuccessful in having him do.

With notice to Debtor, the Trustee continued to use Philbrick as the listing agent for the Property on behalf of the bankruptcy estate.  Philbrick claims to have spent over 100 hours marketing the Property.  When the parties were unable to arrange a buyout by the daughter, the Trustee commenced an adversary proceeding upon which the daughter defaulted.  On January 17, 2006, the Bankruptcy Court entered an order permitting the sale of the daughter's interest in the property.  The daughter appealed that order.  On March 1, 2006, Debtor filed an objection to the Trustee's proposed sale and asserted for the first time a $40,000 homestead exemption.  On March 8, 2006, Bankruptcy Judge Glover heard argument on the Debtor's motion to claim her homestead exemption (which he denied) and the daughter's objections (which he overruled).  The sale was approved.

In April 2006, the Property was sold for $115,500: $15,400 went to back taxes, and $36,500 to the secured creditor (Estate of O'Hearn) which held the deed of trust.  After costs of sale and lien claims, $53,205 remained in net proceeds: $26,602 went to the daughter, $9,025 to Debtor based on her exemption claim and the Trustee is holding $17,578 pending the outcome of this appeal.

**Discussion**

As the Trustee points out, Debtor is not appealing the sale of the Property; she is appealing the denial of the exemption claim in a portion of the sales proceeds. It is her position that the law entitles her to claim the $40,000 homestead exemption and permitted her to file her claim when she did and that the Bankruptcy Court erred in denying her request to amend her exemption claim.

The Trustee's position is twofold: (1) Debtor is not entitled to a homestead exemption under Washington law; and (2) even if she is qualified, her late-filed claim falls under an exception to the general rule permitting such amendments and she was properly denied her request.

Washington law restricts homestead exemptions to property "in which the owner resides or intends to reside. . . Property included in the homestead must be actually intended or used as the principal home for the owner." RCW 6.13.010. Debtor filed a homestead declaration for the Property, despite the fact that (1) she never resided on it after its purchase and (2) her actions from the spring of 2005 until her bankruptcy filing were consistent with an intent to sell the Property.

The Trustee argues that these facts are not consistent with an intent to reside on the Property and therefore Debtor was not qualified for a homestead exemption. Debtor responds that Washington law also provides that proceeds from the voluntary sale of a homestead in good faith for the purpose of acquiring a new homestead are similarly exempt from attachment or execution (RCW 6.13.070(1)) and that her decision to sell the Property is not inconsistent with the requisite homesteading intent.

Even if Debtor were found to be qualified to claim a homestead exemption, however, she might still be prohibited from claiming the exemption in the manner in which she attempted. Amendments such as Debtor sought may be disallowed if they are found to be in bad faith or if there is prejudice to third parties. In re Arnold, 252 BR 778, 784 (9th Cir. BAP 2000). Prejudice may be found where there has been "considerable delay in filing the amended schedules and a trustee's investment of considerable time and effort to prosecute a claim that constituted the object of the

ORD ON APPEAL
FROM B/R COURT - 3

1  exemption." Id. At 787.  The Trustee takes the position that Debtor's late-filed amendment

2  jeopardizes her fee, the realtor's commission and the hard-earned compensation of the other

3  professionals who worked for the bankruptcy estate in this matter.  Respondent's Brief, p. 12.  The

4  Debtor contends that the delay in the sale of the Property is not attributable to her actions and that her

5  requested amendment would not have worked a prejudice to any third parties.  She further asserts that

6  a compromise is possible whereby all the professionals are paid for their work in conjunction with this

7  process and she still receives a greater share of the remaining proceeds than under the original

8  dispensation.  Appellant's Reply, p. 13.

9       "Questions regarding the right of a debtor to claim exemptions are questions of law subject to

10  *de novo* review, whereas the issue of a debtor's intent is a question of fact reviewed under the clearly

11  erroneous standard."  Arnold at 784.  The problem that the Court faces in attempting to review the

12  decision of the Bankruptcy Court is the absence of any factual findings or clearly-articulated legal

13  conclusions upon which to run the necessary litmus tests.  Judge Glover's oral ruling is a clear denial

14  of Debtor's request, but the Court is hard-pressed to identify the exact rationale for the denial.

> This is a case of filers' and negotiators' remorse.  When the case was filed, the debtor had a lawyer.  The debtor filed and claimed nine thousand dollars exemption in the property.  It belies my imagination to figure out whose attention she was trying to get.  And if that didn't happen, well, that is something between debtor and debtor's then counsel.
>
> There is an effort made on the part of the co-owner and the Trustee and Trustee's counsel is cooperating to see if they can buy out the equity.  That does not happen.
>
> So then we come to the obtaining of a sale, which in as is condition my understanding would be market value sale.  Serious delinquencies on the underlying and Trustee has been holding these claims back.  And now the debtor of course said I would like more money.  Thank you.  And the co-owner says, gee, if you'd spend more time and develop this property we could get more money out of this thing.
>
> You know, those are things that if they were going to happen, had to happen before now.  And as [Trustee's counsel] has already said, it is too little too late.  And, you know, the Trustee was proceeding all the way along with the understanding that the exemption was being claimed is that listed in the original schedule.  And it seems to me under these circumstances where we have gone through all of this effort and now we have a sale, the sale should be approved and debtor limited to the claim exemption that is already of record.

**ORD ON APPEAL**
**FROM B/R COURT - 4**

Transcript of Judge Glover's Ruling, March 8, 2006, pp. 8-9, DR 1.

Although the words "bad faith" and "prejudice" are nowhere to be found in this ruling, the Trustee would like the Court to read between the lines and conclude that Judge Glover's ruling was based on a finding of bad faith on Debtor's part and/or resulting prejudice to third parties. Debtor, on the other hand, would like this Court to fashion an alternative remedy and reallocate the remaining proceeds of the sale of the Property so that all of Trustee's professionals get reimbursed and she receives a larger portion of the money than her original $9,025 exemption.

The Court declines both those invitations and instead remands this matter back to the Bankruptcy Court for an articulation of the factual findings and legal conclusions which underlie the denial of Debtor's amendment and approval of the sale. The following questions are intended as guidelines for the Bankruptcy Court on remand. The answers to these questions will permit this Court to review the decision under the Arnold standards:

1. Is Debtor qualified to claim a homestead exemption under Washington law?
2. Was Debtor's request to amend her scheduled exemptions to claim a $40,000 homestead exemption made in bad faith?
3. Would granting Debtor's request to amend her scheduled exemptions to claim a $40,000 homestead exemption result in prejudice to third parties in this matter? And, if so, which third parties and in what manner?
4. Is Debtor's proposed compromise distribution of the remaining proceeds of the sale (which calls for "fair compensation" for Trustee and her professionals with the remainder being paid over to Debtor in partial satisfaction of her homestead exemption) an appropriate alternative disposition in this matter?

ORD ON APPEAL
FROM B/R COURT - 5

Following the issuance of findings of fact and conclusions of law in accordance with the above inquiries, the Court will be prepared to review the Bankruptcy Judge's decision for error if the parties still desire it.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: August _25__, 2006

Marsha J. Pechman
U.S. District Judge